UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FARSHAD A. KHOSRAVANI,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

CASE NO.   C05-5594RBL

REPORT AND RECOMMENDATION

Noted for April 21, 2006

Plaintiff, Farshad A. Khosravani, has brought this matter for judicial review of the denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff currently is thirty-six years old.[1] Tr. 32. He has an education that is equivalent to the ninth

---

[1] Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
Page - 1

grade, speaks, reads and writes very little English, and has past work experience as a housekeeper/cleaner and telephone repairer. Tr. 19, 71, 76.

Plaintiff filed an application for SSI benefits on June 17, 2002, alleging disability as of February 28, 2002, due to depression and an ulcer as a result of anxiety. Tr. 19, 63-65, 70. His application was denied initially and on reconsideration. Tr. 32-34, 40. Plaintiff requested a hearing, which was held before an administrative law judge ("ALJ") on June 29, 2004. Tr. 427. Plaintiff, represented by counsel, appeared and testified at the hearing through an interpreter. Tr. 427-74. Also appearing and testifying at the hearing were a medical expert and a vocational expert. Id.

On November 16, 2004, the ALJ issued a decision, determining plaintiff to be not disabled, finding specifically in relevant part:

(1)   at step one of the disability evaluation process, plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2)   at step two, plaintiff had a "severe" impairment consisting of major depression;

(3)   at step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and

(4)   at step four, plaintiff had only non-exertional limitations, which did not preclude him from returning to his past relevant work.

Tr. 30-31. Plaintiff's request for review was denied by the Appeals Council on July 19, 2005, making the ALJ's decision the Commissioner's final decision. Tr. 6; 20 C.F.R. § 416.1481.

On September 12, 2005, plaintiff filed a complaint in this court seeking review of the ALJ's decision. (Dkt. #1). Specifically, plaintiff argues that decision should be reversed and remanded to the Commissioner for an award of benefits because the ALJ erred in evaluating the medical evidence in the record. For the reasons set forth below, however, the undersigned finds the ALJ did not err in determining plaintiff to be not disabled, and therefore recommends the court affirm the ALJ's decision.

## DISCUSSION

This court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than

a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in the original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of

REPORT AND RECOMMENDATION
Page - 3

a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.,2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan, 242 F.3d at 1149. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A nonexamining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff argues "the record supports his contention that he is more limited from a psychological standpoint than what was determined by the ALJ." Plaintiff's Opening Brief, p. 14. Specifically, plaintiff asserts the ALJ erred in rejecting the medical opinions of Dr. Robert Horst and Dr. Russell Williams, two of his treating physicians, and Debra D. Brown, Ph.D., an examining psychologist. Plaintiff further asserts the ALJ erred in relying on the testimony of the medical expert, Dr. Allen Bostwick. The undersigned, however, finds the ALJ did not err in evaluating the above medical evidence.

In late March 2002, Dr. Brown completed a state agency psychological/psychiatric evaluation form, in which she found plaintiff had a number of "moderate" (defined as "[s]ignificant interference with basic work-related activities") to "severe" (defined as the "[i]nability to perform one or more basic work-related activities") mental functional limitations. Tr. 132-34. She further opined that plaintiff would be so limited for a period of at least one year. Tr. 135. However, Dr. Brown did not feel he was a good candidate for SSI benefits, as he "seemed interested in treatment and feeling better." Tr. 131.

Dr. Brown completed another such state agency evaluation form in late March 2004, in which she found plaintiff had substantially the same "moderate" to "severe" mental functional limitations. Tr. 377. Again, Dr. Brown opined that plaintiff would be so limited for a period of at least one year. Tr. 378. This time, however, she stated that his depression had not improved, that he had been seeing a therapist for the past two years, that his therapist reported to her that he "occasionally" heard voices, had "difficulty" sleeping and was "sometimes" paranoid, and that although "one day" he "would like to go to work," it was "unlikely" he would be able to do so. Tr. 374.

With respect to Dr. Brown, the ALJ found as follows:

> Dr. Bostwick specifically addressed the March 2004 medical report of Dr. Debra D. Brown, a licensed clinical psychologist (Exhibit 17F-see above). He notes that this

REPORT AND RECOMMENDATION
Page - 4

> report is the only conflict in the record. Dr. Brown evaluates the claimant without an interpreter (which would affect the validity of the report). She diagnoses dysthymia and post-traumatic stress disorder and rates him with severe work-related limitations. However, contemporaneous records from Spokane Mental Health find the claimant stable and took him off Zyprexa. Exhibit 18F/4. Dr. Brown's exam was a one-time exam with no medical or longitudinal records for her to review. Her brief narrative report does not provide support for the limitations assessed. The record does not reflect any ongoing social problems or cognitive difficulties to support the responses in the "check the box" form at page 3 of Exhibit 17F. Therefore, her assessment of the claimant's mental limitations is rejected.

Tr. 25. Later in his opinion, the ALJ provided the following additional findings regarding Dr. Brown's late March 2004 opinion:

> Dr. Brown indicates that the claimant has significant limitations but provides no basis for these conclusions. She has not administered any tests nor does she explain her assessment in light of other medical evidence of record for this same time period showing that the claimant has improved significantly. Dr. Brown has based her assessment on the claimant's self-report and he is not fully credible. It is also noted that for the most part the observations of Drs. Horst and Williams indicate that the claimant is alert, oriented and interacts in an appropriate manner. Counseling records do not report any significant ongoing observed cognitive or social deficits. After considering the testimony of Dr. Bostwick, a medical expert, and after reviewing all other evidence of record, the undersigned rejects Dr. Brown's March 2004 assessment of the claimant's condition. (The undersigned also notes that Dr. Brown's letter of March 28, 2002 states that she does <u>not</u> think he is a good candidate for SSI at this point. However, one day later, on March 29th, she lists SSI as recommended).

Tr. 28-29. These findings are supported by the substantial evidence in the record.

Plaintiff first argues the two state agency evaluation forms completed by Dr. Brown do provide an objective basis for her late March 2004 opinion. However, although the mental functional limitations Dr. Brown set forth on the form she completed in late March 2002, were substantially the same as those she set forth on the late March 2004 form, Dr. Brown did not feel that earlier form provided a basis for granting plaintiff SSI benefits. Tr. 131, 134, 374. The ALJ also noted that one day later Dr. Brown contradicted her prior opinion by listing "SSI as recommended." Tr. 29. While it may be that Dr. Brown spoke to plaintiff's therapist prior to providing her opinion in late March 2004, there is little in the way of diagnostic or other evaluation notes in either form to support her disability conclusion. <u>See</u> Tr. 131-35, 374-78.

As such, both forms are much more like "check the box" reports, than the more individualized and detailed medical opinions preferred by the Ninth Circuit Court of Appeals. <u>See</u> <u>Murray v. Heckler</u>, 722 F.2d 499, 501. As the ALJ noted, furthermore, other objective medical evidence in the record, including the treatment notes from Dr. Horst and Dr. Williams, indicates plaintiff's mental status examinations were largely unremarkable, and his condition improved significantly on medication for the most part during the

REPORT AND RECOMMENDATION
Page - 5

relevant time period. See Tr. 143-46, 159-61, 200, 271-86, 315, 363-65, 379, 434-35, 443-44. Evidence from plaintiff's therapists and other mental health treatment providers also largely indicates overall improvement in his symptoms. See Tr. 137-38, 141, 209, 214, 216, 218, 231, 246, 262, 264, 266, 292, 296, 360, 362, 382, 426.

Plaintiff also argues the ALJ erred in rejecting Dr. Brown's late March 2004 opinion because she based her assessment of his ability to work on his own self-report, which the ALJ found to be not fully credible. A physician's opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. See Tonapetyan, 242 F.3d at 1149; see also Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999) (opinion premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted). Here, plaintiff has not challenged the ALJ's findings concerning his credibility.

The undersigned agrees it appears that Dr. Brown did not base her late March 2004 opinion solely on plaintiff's self-reports, in that it is clear Dr. Brown did at least speak with his therapist. See Tr. 374. Nevertheless, as noted by the ALJ, given the lack of objective psychological testing to support Dr. Brown's conclusions, and the dearth of diagnostic or other evaluation notes contained in the two forms completed by her, the undersigned cannot fault the ALJ for finding Dr. Brown relied to some extent on plaintiff's own reporting as the basis for her opinion. Given that plaintiff has not challenged the ALJ's assessment of his credibility, as noted above, it was not error for the ALJ to rely in part on this reason for discounting Dr. Brown's opinion. Even if it can be said the ALJ erred in making this particular finding, however, as explained above, the ALJ provided several other specific and legitimate, as well as clear and convincing, reasons for rejecting that opinion.

Plaintiff next argues the ALJ failed to provide specific and legitimate reasons for rejecting the late May 2002 opinion of Dr. Horst that he had a global assessment of functioning ("GAF") score of 49, which, plaintiff asserts, was indicative of "serious" limitations. Plaintiff's Opening Brief, p. 16; Tr. 146. The ALJ addressed the opinions Drs. Horst and Williams regarding plaintiff's mental functioning as follows:

> The undersigned has also considered the assessments of Drs. Horst and Williams. As discussed above, for the most part their chart notes indicate that the claimant is alert, oriented and with a normal mental status exam. As discussed above, the claimant was inconsistent in reporting his history and current symptoms to these providers, which would have impacted their assessment of the nature and severity of his impairments.

REPORT AND RECOMMENDATION
Page - 6

> When first seen, Dr. Horst indicated a global assessment of functioning ("GAF") of 49, which would have indicated significant limitations. Exhibit 5F/4. However, at about the same time, Nurse Lowderback assessed a global assessment of functioning of 65, indicating a significantly higher level of functioning. Exhibit 4F. However, it is also noted that global assessment of functioning ratings improved over time as well as the examiner noting ongoing improvement in his depression but for some situational factors (i.e., gambling debt). Therefore, in reviewing the record as a whole, to the extent that the assessment of Drs. Horst and Williams are inconsistent with those found herein, they are rejected.

Tr. 26. Again, the undersigned finds the manner in which the ALJ evaluated the opinions of Dr. Horst and Dr. Williams to be free of error.

Plaintiff focuses on the last sentence of the ALJ's findings set forth above to argue that the ALJ merely provided a "boiler plate summary," which did "not achieve the level of specificity prior cases have required." Plaintiff's Opening Brief, p. 16. As clearly can be seen, however, plaintiff's assertion is not an accurate description of the ALJ's findings on this issue, which essentially ignores the whole of the ALJ's much more specific analysis that immediately preceded the sentence in question. In addition, a review of the treatment notes provided by Drs. Horst and Williams shows that plaintiff's mental status examinations were fairly unremarkable and that he improved significantly on medication. See Tr. 143-47, 159-61, 271-86, 363-65, 379-80. In particular, the undersigned notes that the GAF score plaintiff focuses on in this case was given prior to the majority of Dr. Horst's evaluations of him, the most recent of which was dated more than one year later.[2] See Tr. 143-47, 159-61, 271-80.

Lastly, plaintiff takes issue with the ALJ's reliance on Dr. Bostwick's testimony in discounting the opinion of Dr. Brown, and in rejecting plaintiff's contention that he is more limited from a psychological standpoint than the ALJ found him to be. See Tr. 25, 29. The undersigned finds no error here as well. Dr. Bostwick testified that plaintiff's psychological condition had been "stable and relatively well-controlled" on medication, and that his symptoms had "improved significantly." Tr. 434-35, 443-44. That testimony generally comports with the diagnostic notes from Dr. Horst and Dr. Williams, as well as the majority of the other objective medical evidence in the record. See Tr. 143-47, 159-61, 162-74, 176-79, 188-200, 271-86, 315, 363-65, 379-80. As such, the undersigned finds Dr. Bostwick's opinion constitutes substantial evidence, as it appears to be largely "consistent with other independent evidence in the record." Lester, 81 F.3d at 830-31; Tonapetyan, 242 F.3d at 1149.

---

[2] The same can be for Dr. Williams, who assessed plaintiff with a GAF score of 45 in early July 2003, but then noted significant improvement on medication through early January 2004. See Tr. 281-86, 363-65, 379-80.

REPORT AND RECOMMENDATION
Page - 7

CONCLUSION

Based on the foregoing discussion, the court should find the ALJ properly concluded plaintiff was not disabled, and should affirm the ALJ's decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 21, 2006**, as noted in the caption.

DATED this 29th day of March, 2006.

                                              Karen L. Strombom
                                              United States Magistrate Judge